IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DEMETRIOUS OWENS | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1172 |
| JAMES KELLY, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON DEFENDANTS HOLMAN, WHITFIELD, BERGER, AND BELL**

The Plaintiff Demetrious Owens, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Oliver Bell, Chairman of the Texas Board of Criminal Justice; Michael Unit Warden Larry Berger; Captain Christopher Holman; Lt. James Kelly; Lt. Amy Westbrook; and counsel substitute Sabrina Whitfield.

**I. Background**

Owens complains that Kelly and Westbrook used excessive force on him on April 5, 2015. He subsequently received a disciplinary case for assaulting an officer. When Whitfield came to talk to him, Owens told her that he had not assaulted anyone and he had been in handcuffs at the time, but Whitfield told him to stop lying.

Owens was not allowed to attend the disciplinary hearing. Warden Berger told him that Captain Holman had been the hearing officer and Whitfield was the counsel substitute, but he, Berger, did not know why Owens was not allowed to attend. Documents attached to Owens' complaint show that the disciplinary case was later overturned.

1

## II. The Report of the Magistrate Judge and the Plaintiff's Objections

After review of the pleadings, the Magistrate Judge issued a Report recommending that Owens' claims against Kelly and Westbrook be allowed to go forward, but that the claims against Whitfield, Holman, Berger, and Bell be dismissed.

In his objections, Owens states that he agrees in large part with the Magistrate Judge's Report but with one exception. He contends that Whitfield and Holman retaliated against him, using their official positions, to make sure that he received the harshest of punishments and to ensure he would be convicted in the disciplinary case because he would not be able to present his side of the story at the hearing.

Owens acknowledges that the disciplinary case was overturned, but asserts that "the mere fact that these two state officials acted in this manner to violate Plaintiff's rights and due process is still a clear retaliation claim against these two officials." He argues that Whitfield cannot use her position to retaliate against him or to act in a retaliatory manner that is clearly not to his benefit. Owens concedes that he does not know until discovery takes place whether Holman actually knew this was taking place, but Whitfield did, and those two officials acted together in the hearing of the case.

## III. Discussion

Owens' retaliation claim is raised for the first time in his objections to the Magistrate Judge's Report. The Fifth Circuit has stated that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001). Owens' contention that Whitfield and Holman retaliated against him is not properly before the Court.

Even if this claim were before the Court, Owens has failed to set out a viable retaliation claim. The Fifth Circuit has held that the elements of a claim under a theory of retaliation are the invocation of a specific constitutional right, the defendant's intent to retaliate against the plaintiff for his exercise of that right, a retaliatory adverse act, and causation, which is a showing that but for

2

the retaliatory motive, the action complained of would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). This requirement places a heavy burden upon inmates, because mere conclusionary allegations will not suffice; instead, the inmate must produce direct evidence of retaliation or, the more probable scenario, a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. *Johnson*, 110 F.3d at 310, *citing Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995).

In *Jones v. Greninger*, 188 F.3d 322 (5th Cir. 1999), the plaintiff complained that he was retaliated against for filing grievances, and the retaliation took the form of limiting his right of access to court. This limitation involved a transfer to work in food service, so his legal research time would be limited to five hours per week. The Fifth Circuit held that there was no constitutional violation inherent in a limitation of law library access time to five hours per week; consequently, the Court said, because Jones had failed to show that the Defendants had engaged in conduct that will result in a violation of his right of access to court, his retaliation claim fails. *Jones*, 188 F.3d at 326; *accord*, *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996) (fact that prisoner was removed from a job assignment as "inmate counsel substitute," allegedly in retaliation, did not show a constitutional violation, rendering the retaliation claim without merit).

Although Owens contends that Whitfield's and Holman's alleged actions violated his rights regardless of the fact that the disciplinary case was later overturned, this argument lacks merit. In *Crumbly v. Helem*, 485 F.App'x 1, 2012 U.S. App. LEXIS 5979, 2012 WL 975022 (5th Cir., March 22, 2012), the plaintiff argued that three prison officials conspired to have him convicted of a disciplinary offense based on fabricated evidence, in violation of his rights under the First and Fourteenth Amendments. The Fifth Circuit stated that the plaintiff "has not shown that he was denied any constitutional rights in connection with the disciplinary charge and conviction because it was overturned on appeal and deleted from his computer file, and his good time credits were restored."

Furthermore, Owens does not identify any specific constitutional right for which he claims these Defendants retaliated against him. Nor has he offered anything to show that but for the alleged retaliatory motive, the actions complained of would not have occurred. He presents no specific facts supporting his claim of retaliation but only conclusory allegations, which are not sufficient. *See Moorman v. Jowers*, 313 F.App'x 733, 2009 U.S. App. LEXIS 4928, 2009 WL 614510 (5th Cir., March 11, 2009) (mere recitation of vague and conclusory allegations of retaliation and conspiracy does not allege grounds upon which relief may be granted), *citing Brinkman v. Dallas County Deputy Sheriff Abner*, 913 F.2d 744, 748 (5th Cir. 1987). Owens has not set out a viable retaliation claim even if this claim were properly before the Court, and his objections to the Report of the Magistrate Judge are without merit.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 14) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's claims against the Defendants Captain Holman, Sabrina Whitfield, Warden Berger, and Oliver Bell are **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted. These Defendants, Captain Holman, Sabrina Whitfield, Warden Berger, and Oliver Bell,

4

are **DISMISSED** as parties to this lawsuit. The dismissal of these claims and parties shall have no effect upon the Plaintiff's claims against Lt. Kelly and Lt. Westbrook.

So **ORDERED** and **SIGNED** this **17** day of **July, 2017.**

_____
Ron Clark, United States District Judge